[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM de ARTICULATION OF DECISION
The court filed its MEMORANDUM of Decision on August 30, CT Page 2980 1990. On September 6, 1990 the defendant filed a motion to reopen judgment (137) wherein were raised certain issues. On September 10, 1990 the plaintiff filed an objection to the defendant's motion (138). On September 14, 1990 the defendant filed a "Motion to Amend Motion to Re-open Judgement" (139) where in an additional issue was raised. On September 24, 1990 the defendant filed a motion to restrain (141) raising another issue. On October 15, 1990 the parties stipulated that all of the forgoing could be dealt with by the court via an articulation.
1. The defendant questions the computation of the child support order as not in accordance with the guidelines. Upon review, the court finds that defendant's disposable income of $6361.51 multiplied by 38%, as on the guideline schedule, results in $242. for two children, not $280, as set out in the court memorandum.
The child support order is corrected to read $121 weekly per child.
2. The defendant renews his request for an oak chest and a quilt. The memorandum, in paragraph #14, awarded the contents of the marital home to the plaintiff.
The defendant next raised a question concerning responsibility for a loan from the plaintiff's mother in the amount of $6900.00. Neither financial affidavit listed such a loan. The plaintiff introduced a copy of the defendant's note, marked Exhibit H. The plaintiff did not sign the note. There was testimony that the loan was in suit. The defendant further testified that he acknowledged that $6900.00 was owed to the plaintiff's parents. Since the parents are not party to this action the court intentionally made no order concerning payment of this loan.
The defendant next objects to the court's award of an allowance to prosecute to the plaintiff. That order was an integral part of the property orders, and there is no reason to alter it, Arrigoni v. Arrigoni, 184 Conn. 513 (1981).
The defendant's motion to amend raises the court's allocation of dependent exemptions, for income tax purposes. The court found that plaintiff's present earning capacity to be zero. She demonstrated past earnings and the court made no protections as to future earning capacity other than to insure that the non-custodial parent, the defendant, would have one dependent exemption. The court is well aware that the I.R.S. code provides for determining who may claim the children absent any court order. The court declines to reconsider the allocation. CT Page 2981
As to the plaintiff's issue regarding her request for an order excluding the Kane family from being present during any visit of the defendant with his children, the court found no reason to enter such an order.
HARRIGAN, J.